UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SHINEYE WRIGHT,                                    Civil Action No. 16-CV-6149 (ADS)(SIL)

                      Plaintiff,

       -against-                                      **PROPOSED**
                                               **JOINT PRE-TRIAL ORDER**

OFFICER DARLING, Shield No. 5856,
Individually and as a Police Officer of the Suffolk
County, N.Y. Police Dept. and COUNTY OF
SUFFOLK,

                      Defendants.
-------------------------------------------------------------x

    a. **CAPTION**

The full and original caption of the action is as it appears above. No parties have been added or dropped.


    b. **TRIAL COUNSEL**

Plaintiff: Arthur Graseck, Esq., 144 Carleton Ave., Central Islip, NY 631-513-3787 (tel.); 631-630-6747 (Fax)

Trial Counsel for Defendant County of Suffolk and Detective Darling:
Assistant County Attorney Kyle Wood of the Office of the County Attorney
P.O. Box 6100, 100 Veterans Memorial Highway, Hauppauge, New York 11788
Telephone: (631) 853-4055; Fax: (631) 853-8341

    c. **JURISDICTION**

Plaintiff's statement: This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

County Defendants contend that the plaintiff does not possess claims upon which relief can be granted under 42 U.S.C. § 1983 or other federal statute, and that the Court accordingly lacks subject matter jurisdiction under 28 U.S.C. § 1331, § 1332, §1343 and § 1367.

**Claims and Defenses to be Tried**

(1) Whether the Defendants unlawfully detained or subjected the plaintiff to excessive force.
(2) Whether Plaintiff has satisfied the requirements of Section 1983 by a preponderance of the evidence.
(3) Whether the doctrine of qualified immunity operates in this case at all, and, if so, whether it operates in such a way as to limit the liability of any Defendant.

**SUMMARY OF SUFFOLK COUNTY DEFENDANTS' DEFENSES**

The Defendants contend that they used no unreasonable force against the Plaintiff and contest the true nature, extent and cause of the Plaintiff's purported injuries. The Defendants contend that Plaintiff's alleged injuries, if any, are de minimis and do not rise to the level of actionable constitutional violations. Moreover, the Defendants contend that the damages/injuries sustained by the Plaintiff, if any, were caused by her own culpable and /or negligent behavior. They further contend that they acted as they did, if at all, solely pursuant to their duties and responsibilities as law enforcement officials, and at all times acted in good faith in that they were exercising and acting within their statutory and constitutional powers.

The Defendants further contend that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the defendants or otherwise ratified by defendants authorized the deprivation of plaintiff's Constitutional rights; that the individual defendants actions were justified by the facts and circumstances presented; that the individual defendants acted reasonably and in good faith in discharge of their official duties and responsibilities.

The individual Defendants contend that they are entitled to judgment in their favor on the basis of qualified immunity.

The Defendants contend that there is no viable constitutional claim stated or which can be proven against the municipal Defendant. The evidence listed in this Joint Pre-Trial order

indicates that there is no viable *Monell* claim that can be asserted and that the evidence is insufficient as a matter of law to support any purported *Monell* claim against the municipal Defendant. No such evidence exists because there was no constitutional violation in this action and there was no unconstitutional policy, practice or custom that allegedly caused the Plaintiff's alleged injuries, that no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by the Defendants or otherwise ratified by Defendants authorized the alleged deprivation of Plaintiff's constitutional rights.

The Defendants will contend that to the extent that the Complaint purports to set forth any pendent state law claims, they are barred by the plaintiff's failure to comply with the statutory conditions precedent to commencement of an action against municipal defendants as set forth in the New York General Municipal Law.

**Jury Trial**

This action is to be tried by a jury. It is presently estimated that the trial of this action will require 3-4 days of trial proceedings.

The parties have not consented to trial of the case by a magistrate judge.

**Statement of Stipulated or Agreed Facts**

At present there are no stipulated facts or agreed statement of facts by, between or among the parties.

**Witnesses**

*Plaintiff expects to call the following witnesses:*

1. Shineye Wright
2. Behzat Doggan  in person
3. Janette Ouldelhkim in person

Plaintiff reserves the right to call any witness listed by defendants.

*Suffolk County Defendants' Witnesses Expected to Testify at Trial:*

1. Detective Steven Darling, to testify in person

2. Police Officer Susan Cataldo, to testify in person

3. Police Officer Gregory Hanrahan, to testify in person

4. Ms. Cynthia Kite, to testify in person

5. Christopher Ricciardi, to testify in person

6. Nicholas Ingham, to testify in person

7. Police Officer Edward Schmitt, to testify in person

8. Police Officer Janine Lesiewicz, to testify in person

9. SGT Christopher Costa, to testify in person

The Defendants may also offer the relevant admissible testimony of any other individual identified in Suffolk Police Department paperwork. Said individuals will testify as to their observations, their involvement in the incident as alleged by the Plaintiff, conversations had with Plaintiff and/or others, and their involvement in the investigation of the Plaintiff's allegations.

The Defendants further reserve their right to use such additional and unidentified witnesses for impeachment purposes and/or as may be warranted in response to the plaintiff's direct case as the need arises.  See FRCP Rule 26(d)(3).

Since the Plaintiff has not identified any proposed expert witnesses during discovery, the Defendants will object to any attempt to offer expert testimony based upon Plaintiffs' failure to comply with FRCP Rule 26 (a)(2).

4

**Hearing and Deposition Testimony**

*Suffolk County Defendants' Designations of hearing and deposition testimony:*

1. Deposition testimony of Shineye Wright, dated March 28, 2017

The Defendants reserve the right to use deposition testimony of the Plaintiff on their case in chief and for the purpose of impeachment. The parties each reserve the right to use deposition testimony if a witness is unavailable and for the purpose of impeachment.

**Exhibits to be Offered**

*Plaintiff expects to offer the following as Exhibits at trial:*

A. Selected portions of the Internal Affairs report. (Defendants' object to the admissibility of the Internal Affairs Report as irrelevant under FRE 401 and potentially misleading and/or cumulative under FRE 403.)

B. Any of the exhibits listed by the defendants.

*Suffolk County Defendants' Exhibits to be offered:*

A. Prosecution Worksheet Shineye Wright;

B. Arrest Report Shineye Wright;

C. Prisoner Activity Log for Shineye Wright;

E. Shineye Wright's Medical Records from Brookhaven Hospital, Dr. Sahi, Dr. Berdia and Betty Poulos, M.S.P.T.;

F. Shineye Wright's Criminal History;

G. Arrest paperwork under CC# 2016-0654194, Docket 2016SU043094 including:

1. Misdemeanor Informations
2. Arrest Report
3. Prosecution Worksheet
4. SCPD Incident Reports
5. Prisoner Activity Log
6. Mental Health Screening

5

H.  Photographs (front and aerial) of the incident location at 15 Robinwood Drive, Mastic Beach, NY 11951

I.  Field Report CC#2016-0633163 and related SCPD paperwork under the Central Complaint.

*Arthur V. Graseck, Jr., Esq.*
Attorney for Plaintiff
144 Carleton Ave
Central Islip, New York


*Kyle Wood*
By:  Kyle Wood
Assistant County Attorney
Attorney for Suffolk County Defendants
Office of the County Attorney
100 Veterans Memorial Highway, Hauppauge, New York